UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **VERA BOYKIN,** | Civ. No. 2:11-cv-04856 (WJM) |
| Plaintiff, | |
| | **OPINION** |
| v. | |
| **MERS/MERSCORP,** *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Vera Boykin filed this action against a multitude of Defendants[1] in New Jersey state court seeking to "quiet title" to property located at 220 West Hudson Street, Englewood, NJ 07631 (the "Property"). Plaintiff seeks a declaratory judgment that she owns the Property and damages of $1,000,000 for Defendants' alleged violations of various federal financial laws. Defendants removed the action to this Court. This matter comes before the Court on Plaintiff's motion to remand and motions to dismiss filed by three sets of Defendants. For the reasons stated below, Plaintiff's motion to remand is **DENIED**, and Defendants' motions to dismiss are **GRANTED**.

**I.  BACKGROUND**

---

[1] The Defendants are: MERS/MERSCORP ("MERS"), Countrywide Home Loans Servicing LP ("Countrywide"), HSBC Bank USA N.A. ("HSBC"), Hallie M. Clancy ("Ms. Clancy"), Bank of America N.A. ("BANA"), Melissa Flanagan ("Ms. Flanagan"), Lancia Herzog ("Ms. Herzog"), Kathy Repka ("Ms. Repka"), Stern, Lavinthal, Frankenberg, Norgaard, LLC ("Stern Lavinthal"), BAC Home Loans Servicing, LP ("BAC"), WMC Mortgage Corporation a/k/a WMC Mortgage LLC ("WMC"), General Electric Company ("GE"), General Electric Money Bank ("GEMB"), GE Consumer Finance, Inc. ("GECF"), GE Capital Corporation ("GECC"), Mir A. Khan ("Mr. Khan"), Mortgage Electronic Registration Systems, Inc. as nominee for WMC Mortgage Corp., and John/Jane Does one to infinity, (all of the above, collectively, the "Defendants"). GE, GEMB, GECF, and GECC are referred to herein as the "GE Companies." BAC, BANA, MERS, HSBC, Ms. Repka, Ms. Herzog, Countrywide, and MERS as nominee for WMC are referred to herein as the "BANA Defendants."

Ms. Boykin has resided at the Property since 1995, when Ms. Boykin's mother, Ms. Bernice Rogers ("Ms. Rogers") purchased the Property. (Abelev Decl., Ex. E, ¶ 3, ECF No. 16-7) ("Ms. Boykin's Feb. 8, 2010 Aff. of Standing and Opp'n to Pl.'s Mot. for Entry of J."). In 2001, Ms. Rogers sold the Property to her husband, Mr. Herbert Rock ("Mr. Rock"). *Id.* at ¶ 4. In November of 2006, Mr. Rock sold the Property to Mr. Khan, who entered into a mortgage agreement with MERS as nominee for WMC in return for a purchase loan. *Id.* at ¶¶ 8-10. In February of 2009, MERS as nominee for WMC assigned the mortgage on the Property to Countrywide for the benefit of HSBC.[2] (Compl. Ex A, ECF No. 1-1.)

In 2009, Countrywide initiated foreclosure proceedings on the Property against Mr. Khan, MERS as nominee for WMC, and Ms. Boykin. Ms. Boykin filed several motions with the Superior Court of New Jersey, Chancery Division, Special Civil Part, Bergen County, challenging the foreclosure. (Abelev Decl., Ex. C, ECF No. 16-5) ("Ms. Boykin's Jan. 15, 2010 Certification in Supp. of Mot. to Dismiss"); (Abelev Decl., Ex. D, ECF No. 16-6) ("Ms. Boykin's Feb. 5, 2010 Certification in Supp. of Appl. to Reconsider"); (Abelev Decl., Ex. E, ECF No. 16-7) ("Ms. Boykin's Feb. 8, 2010 Aff. of Standing and Opp'n to Pl.'s Mot. for Entry of J."). Ms. Boykin's motions were denied, and, on October 15, 2010, the Honorable Mary C. Jacobson, P.J.Ch., entered an order of foreclosure on the Property in favor of Countrywide. (Abelev Decl., Ex. B, ECF No. 16-4) ("Final Foreclosure Judgment").

Ms. Boykin responded to the foreclosure order by filing this action on June 22, 2011 in the Superior Court of New Jersey, Law Division, Civil Part, Bergen County. (Compl. 1, ECF No. 1-1.) The Complaint asserts Ms. Boykin is the "bona fide title holder" of the Property, (Compl. ¶ 1, ECF No. 1-1), and that the Defendants cannot own the Property because the documents reflecting the transfer of interest were fabricated, rendering the transfer void. (Compl. ¶¶ 6-10, 15-23, ECF No. 1-1.) The Complaint specifically accuses MERS, Ms. Herzog, and Ms. Repka of fabricating the assignment of the mortgage to Countrywide. (Compl. ¶¶ 15-19, ECF No. 1-1.) Ms. Boykin also alleges that Defendants committed fraud under various federal statutes, including the Interstate Banking and Branching Efficiency Act of 1994, the Investment Company Act of 1940, and the Investment Advisers Act of 1940. (Compl. ¶ 19, ECF No. 1-1.) On August 22, 2011, WMC and the GE Companies removed the action to this Court. *See* (Notice to State Ct. of Removal of Action to Federal Ct., Aug. 22, 2011, ECF No. 1-4.)

## II. DISCUSSION

---

[2] "Countrywide for the benefit of HSBC" will be referred to hereafter as "Countrywide."

This matter comes before the Court on the following motions: (1) Plaintiff's motion to remand,[3] and (2) motions to dismiss filed by three sets of Defendants. The Court will address the motion to remand, followed by the motions to dismiss.

### A. Plaintiff's Motion to Remand

Plaintiff argues that removal was improper because (1) this Court lacks subject-matter jurisdiction over her quiet title claims, and (2) Defendants WMC and the GE Companies failed to follow the rule of unanimity. *See* (Pl.'s Opp'n to Removal and Demand to Remand ¶ 5, Sept. 9, 2011, ECF No. 18.) Plaintiff's arguments are unavailing.

This action was properly removed because numerous federal causes of action appear on the face of Plaintiff's Complaint. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). It is black letter law that district courts have jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (jurisdiction exists if a complaint asserts a cause of action under a federal statute). In this case, the Complaint asserts causes of action under ten federal statutes, including the Interstate Banking and Branching Efficiency Act of 1994, the Investment Company Act of 1940, and the Investment Advisers Act of 1940. Thus, Plaintiff's claims arise under federal law, and this action was properly removed. *See* 28 U.S.C. § 1441(a) (removal is proper if federal original jurisdiction exists). This Court has supplemental jurisdiction over Plaintiff's quiet title claims under 28 U.S.C. § 1367(a).

Plaintiff's argument that WMC and the GE Companies failed to satisfy the rule of unanimity is incorrect. When an action is removed in accordance with 28 U.S.C. § 1441(a), the rule of unanimity requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Ms. Boykin argues that WMC and the GE Companies failed to comply with the rule of unanimity because they never consented to removal. But the rule only requires the consent of served defendants, and all the Defendants who were served at the time of removal consented to the removal. Thus, the rule of unanimity was satisfied. Accordingly, the motion to remand is denied.

### B. Defendants' Motions to Dismiss

---

[3] Ms. Boykin labeled her objection to removal as an "affidavit and declaration," but she plainly intended for her statement to act as a motion to remand for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Three sets of Defendants – the BANA Defendants, Stern Lavinthal, and WMC and the GE Companies – move to dismiss the Complaint. The Defendants argue that (1) Plaintiff lacks standing to sue, (2) the Court lacks jurisdiction over the action under the *Rooker-Feldman* doctrine, (3) the Complaint fails to state a claim, and (4) the action is barred by *res judicata* and the entire controversy doctrine. Each issue will be addressed in turn.

### i. Standing

The BANA Defendants argue that "[p]laintiff has not suffered *any* injury from the challenged conduct of these Defendants," because Plaintiff does not own the Property and was not a party to the loan or mortgage. (Mem. of Law in Supp. of Defs.' Mot. to Dismiss Pl.'s Compl. 9, ECF 14-1.) The BANA Defendants are incorrect.

To satisfy the constitutional standing requirement, the plaintiff bears the burden of proving:

> (1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 290-91 (3d Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) ("*Lujan* test"). In other words, the plaintiff must have "'a personal stake in the outcome of [the] litigation.'" *In re Global Indus. Techs.*, 645 F.3d 201, 210 (3d Cir. 2011) (en banc) (quoting *Pitt News v. Fisher*, 215 F.3d 354, 360 (3d Cir. 2000)). "For the purpose of determining standing, we must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the complaining party." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003).

In this case, Plaintiff has alleged sufficient facts to survive the *Lujan* test: (1) it is undisputed that Plaintiff lives in the Property and would lose her home as a result of an unfavorable decision; (2) Plaintiff alleges that she would lose her home due to the fraudulent behavior of the Defendants; and (3) if Plaintiff prevails on her claims, she would be able to continue living in the Property. Accordingly, Plaintiff has standing to sue.

### ii. *Rooker-Feldman* Doctrine

The BANA Defendants next assert that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. The BANA Defendants are incorrect.

"In certain circumstances, where a federal suit follows a state suit, the *Rooker-Feldman* doctrine prohibits the district court from exercising jurisdiction." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163-64 (3d Cir. 2010) ("*Great Western*"). In *Exxon Mobil*, the Supreme Court "confined" the *Rooker-Feldman* doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Third Circuit set forth four requirements that must be met under the *Exxon Mobil* standard:

> (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great Western*, 615 F.3d at 166. "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.*[4]

Because the second and fourth requirements are not met in this case, the *Rooker-Feldman* doctrine does not bar jurisdiction. The second requirement has not been met because Plaintiff does not "complain of injuries caused by state-court judgments." *Great Western*, 615 F.3d at 166. *Rooker-Feldman* is not a bar to federal jurisdiction when a plaintiff complains of an injury caused by a defendant. *Id.* at 167. For the injury prong to apply, the complaint must "actually complain of injury 'produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" *Id.* (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005)). In this case, Plaintiff complains of injuries caused by Defendants, not by the state court judgment. Specifically, Plaintiff alleges that Defendants clouded the title to the Property by fabricating mortgage documents; she does not allege that the New Jersey court erred. Thus, the second requirement of the *Great Western* test has not been met.

Similarly, the fourth prong of the *Great Western* test has not been met because Plaintiff does not ask this Court to review and reject the state court judgment. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached . . . then there is jurisdiction.'" *Exxon Mobil*, 544 U.S. at 293 (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)). In this case, the Complaint seeks to quiet title, not to review and reverse the state court

---

[4] The BANA Defendants improperly relied on pre-*Exxon Mobil* case law. *See Great Western*, 615 F.3d at 170 & n. 4 ("[F]or the sake of clarity, we should exercise 'caution . . . in relying on our pre-*Exxon* formulation of the *Rooker-Feldman* doctrine,' particularly those cases which may be read to suggest the phrase 'inextricably intertwined' created an additional test").

foreclosure order. Although this Court would be considering the same facts as the New Jersey court, the Complaint presents an independent claim, so the fourth prong of *Great Western* is not implicated.

### C. Failure to State a Claim

Having determined that there is subject matter jurisdiction, the Court will now address Defendants' motion to dismiss for failure to state a claim. Because the Complaint consists almost exclusively of legal conclusions absent factual allegations, Defendants have satisfied the requirements of Rule 12(b)(6), and the motion to dismiss is granted.

When determining whether to dismiss a complaint in accordance with Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). To the extent the Complaint alleges fraud, Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Rule 9(b) exists to insure adequate notice so that defendants can intelligently respond." *Illinois Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 653 F.3d 225, 233 (3d Cir. 2011).

The Complaint entirely fails to state a claim. Asserting that the Defendants committed deception and fraud is a legal conclusion that is not subject to the assumption of truth. *Evancho*, 423 F.3d at 351. The scant facts that appear in the remainder of the Complaint, for instance that Ms. Repka worked for several companies concurrently, cannot support an inference of fraud, even under the liberal construction of the Complaint that the Court grants to *pro se* litigants. The Complaint also fails to state how Plaintiff acquired title to the Property, which defeats her quiet title claim under New Jersey Court Rules. *See R.* 4:62-1 (requiring a plaintiff in a quiet title action to "state the manner in which plaintiff either acquired title or the right to possession").

Because the Complaint fails to state a claim, Defendants' motion to dismiss is granted.[5]

---

[5] Because the Complaint fails to state a claim, it is unnecessary to address Defendants' remaining arguments that there is no private right of action under the federal statutes cited in the Complaint.

### D. *Res Judicata* and the Entire Controversy Doctrine

Even if the Complaint stated a claim, it would nevertheless be barred by *res judicata* and the entire controversy doctrine.[6]

When determining the preclusive effect of the rulings of a state court to federal court proceedings, federal courts look to the state's law of preclusion. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In New Jersey, a claim will be barred under *res judicata* when three elements are met: (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one. *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 412 (1991). "Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *Id.* (citing *Angel v. Bullington*, 330 U.S. 183, 192-93, (1947)).

In this case, the Final Foreclosure Judgment was valid, final, and on the merits.[7] (Final Foreclosure Judgment, ECF No. 16-4.) Although the Complaint covers far more defendants here than there were parties in the underlying foreclosure action, the "new" Defendants in this case were all in privity with the foreclosure action defendants. Finally, Plaintiff's claims in the present action grow out of the same transactions complained of in the foreclosure action; namely, the alleged fraud surrounding conveyances of the Property and its mortgage, and the foreclosure of the Property.

Plaintiff's remaining claims are barred by the entire controversy doctrine, which precludes a plaintiff from "litigating in a subsequent proceeding . . . claims that it could have litigated in an earlier proceeding." *Bernardsville Quarry v. Borough of Bernardsville*, 929 F.2d 927, 930 (3d Cir. 1991). New Jersey Court Rule 4:30A provides that the "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in preclusion of the omitted claims to the extent required by the entire controversy doctrine . . . ." *R.* 4:30A. In the foreclosure context, Rule 4:65-5 provides that "claims for foreclosure of mortgages shall not be joined with non-germane claims against the mortgagor or other persons liable on the debt." *R.* 4:65-5.

---

[6] The BANA Companies argue preclusion based on *res judicata* and collateral estoppel; WMC and the GE Companies argue preclusion based on *res judicata* and the Entire Controversy doctrine.

[7] In determining the preclusion issues, the Court relied on the Complaint, the Final Foreclosure Judgment, and Plaintiff's filings in the foreclosure action, which were attached to Defendants' submissions in this case. The Court may properly consider such documents on a motion to dismiss. *See McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009) (A court may consider matters of public record on a motion to dismiss).

In this case, all of Plaintiff's claims arise out of the mortgage foreclosed. Plaintiff brings this action to challenge the legality of the assignment of the mortgage for the foreclosed property to Countrywide. As such, the claims in this action are "germane" to the foreclosure action under Rule 4:65-5. Therefore, the claims of the Complaint are barred by the entire controversy doctrine.

Accordingly, the Complaint should also be dismissed on the grounds of *res judicata* and the entire controversy doctrine.

### III. Conclusion

For the reasons stated above, Plaintiff's motion to remand is **DENIED**, Defendants' motions to dismiss are **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 31, 2012**

8